Hall, Judge.
 

 — Two principal reasons are urged this case, against carry irsg the contract into effect, which die Plaintiff made for the purchase of the land in question. The first is, that the Defendant
 
 Hall
 
 imposed upon him
 
 by
 
 false representations, as to the sand having a good spring up;)» it. The other is, that lie was imposed upon
 
 by
 
 the same Defendant, in employing puffers at the sale.
 

 It appears, that the tract of land contained one hundred acres ; and it is established by nearly all the witnesses whose depositions have been read, that the Defendant
 
 Hall
 
 represented the land as having a never failing spring upon it. For this purpose the d< positions of
 
 John Hay, John Hanks, William Crossed
 
 and others fum-
 
 *414
 
 {)een read. If has also been proved by the depositions of
 
 James
 
 Ray,
 
 John Hanks, William Crosset, John Cummins and Jesse Clark,
 
 that there was not a never-failing spring „p()n |f.
 
 James Ray
 
 says, he went upon the land with the Defendants after the sale, to ascertain whether there was a spring on it; that they found none-; that at the place, where it was supposed the spring was, there was wot the appearance of any. It appears from the depositions, that the spring had generally run a part of the year, but dried up in August or September; which without the aid of a well would altogether render it unfit for a settlement. This charge of misrepresentation is •established beyond doubt, without any conflicting testimony. Whether there was a spring on the land or not, was a circumstance, on which the value of the land, as a settlement, much depended.
 
 It
 
 was a circumstance
 
 toa,
 
 with which the Plaintiff might have been unacquainted, altho’ he lived in the neighborhood. The Defendant says, he had been informed there was a good spring on the land. If lie had made that representation, as from information, the effect upon the Plaintiff might have been different. But there is a marked difference between a ¡representation founded upon belief, or upon the information of others, and a representation that a fact is so.
 

 It appears further from the depositions of
 
 Richard Nichols
 
 and
 
 John Jordan,
 
 that each of them was requested by Defendant
 
 Hall,
 
 to bid as far as $500 : that he would take such bid off their hands.
 
 Jordan
 
 says, the laud was put up at $500, and lie heard it cried at that sum. And the Defendant
 
 Hall
 
 admits, that the Plaintiff asked whose bid it was, and was informed by him that it was
 
 Mr. Jordan’s
 
 bid : that the Plaintiff afterwards bid one dollar more, and the land was knocked down to him. — . This was undoubtedly a fraud upon the purchaser, when it is considered how much men’s conduct and acts are influenced by the judgment and opinion of others. And so thought the Defendant, or why did he resort to it
 
 l
 
 
 *415
 

 It
 
 was thrown out that it was
 
 Jordan’s
 
 bid ; in other words, that
 
 Jordan
 
 thought the land was worth $500, and had hid that sum for it. S say it was thrown out as a bait, to induce
 
 Woods,
 
 intoxicated as bebas been represented to be, to bid a greater sum. But
 
 Jordan
 
 says he had made no bid. Then no bid whatever had been made for the land, until the Plaintiff bid $501. The representation then, that
 
 Mr. Jordan
 
 had bid $500, was totally without foundation. With respect to what was said about the quality of the land, the Plaintiff lived in the neighborhood, aud ought to have acquainted himself with that. It was a matter of judgment. There can be no ground of relief on that account. In questions of fraud, it might be a circumstance proper to. be considered.
 

 The two principal charges in this case, 1 think, are es ■ tablished : 1st, the misrepresentation, as to the land having a never-failing spring upon it: 2d, the charge of' employing puffers at the sale. I think the Defendants should be enjoined from further proceedings in the suits, by them brought upon the bonds given for the purchase money of the land ; and that they should pay the costs at Saw, as well as the costs of this Court.
 

 Per Curiam.
 

 — Lot the injunction be perpetuated,